607 P.2d 1152

**Clyde BERLIER and Earl Berlier, Plaintiffs-Appellees,**

v.

**Wayne N. GEORGE, Defendant-Appellant.**

**No. 12628.**

Supreme Court of New Mexico.

March 12, 1980.

Rowley, Hammond, Rowley & Tatum, Robert S. Hammond, Clovis, for defendant-appellant.

Robert S. Skinner, Raton, for plaintiffs-appellees.

OPINION

PAYNE, Justice.

The appellees, Clyde Berlier and Earl Berlier, entered into a real estate contract

on November 5, 1976, with the appellant, Wayne George. The Berliers agreed to buy and Mr. George agreed to sell a 9,000 acre ranch for a price of $445,000, payable in installments. A house located on the ranch was included in the transaction and the sales contract directed the seller to insure the house against fire for one year; thereafter, the buyers were required to insure the house. The insurance provision of the contract stated:

5. For the balance of 1976 and the year of 1977, Seller agrees to keep the home upon said real estate insured against the hazards covered by fire and extended insurance coverage in an insurance company in the sum of $10,000.00, and the barn in the sum of $5,000.00 for the benefit of Traveler's Insurance Company. In the event of a loss for the balance of the year 1976 and 1977, said monies shall be paid to Traveler's Insurance Company and shall be credited against any balance remaining to Seller from Buyers. For the year 1978 and each successive year thereafter, Buyers shall maintain at their expense insurance on the home in the amount of $10,000.00 and on the barn in the amount of $5,000.00. In the event of a loss, said monies shall be paid to Traveler's Insurance Company and Buyers shall receive credit for said monies paid against any balance remaining to Seller from Buyers.

Mr. George, however, insured the house with a $30,000 fire insurance policy which extended coverage beyond his 1976–77 period of obligation. The Berliers had paid the premiums for $10,000, the portion of the coverage required in the purchase agreement, and Mr. George had paid the additional premium to keep the coverage at $30,000. The policy also contained a provision that would pay up to one half of the face amount for loss to the contents of the house.

The house was destroyed by fire in April 1978 while the $30,000 policy was still in effect. Mr. George had left some personal property in the house after its sale and recovered for the loss of those items. The recovery by Mr. George on the contents is not an issue in this case.

Both parties agree that $10,000 of the insurance proceeds should be paid to the insurer, Traveler's Insurance Company, which held the first mortgage on the house, and that this amount should be credited against the Berliers' purchase price obligation. The parties' dispute concerns who ought to receive the additional $20,000 in insurance proceeds. When Mr. George refused to credit these proceeds towards the contract price, the Berliers sued Mr. George to compel that credit.

The trial court found in favor of the Berliers and Mr. George appeals. We affirm the trial court.

Mr. George disputes the trial court's findings and also argues that since he paid the policy premiums for the additional coverage he should receive the excess proceeds. The Berliers respond that, as bearers of the risk of loss during the contractual period, they are entitled to credit any and all insurance proceeds for the loss of the house against their purchase obligation.

These arguments raise an issue of first impression in New Mexico. Should the party who contracts for the policy or the party who bears the risk of loss be the beneficiary of insurance proceeds? We adhere to the majority position as stated in 46 C.J.S. *Insurance* § 1145 (1946):

As between a vendor and purchaser it has been held that whichever must bear the loss resulting from the injury to the property sold, (citations omitted), is entitled to the proceeds of fire insurance thereon. Hence, if the loss falls on the purchaser, he is entitled to the benefit of the insurance proceeds, and to receive it on payment of the full purchase price; and, if the vendor collects it he holds it, as trustee, for the benefit of the purchaser, subject, however, to any claims he may possess for unpaid purchase money or insurance premiums. (Footnotes omitted.)

We hold that the party who bears the risk of loss is entitled to any and all insurance proceeds, less an offset for the amount re-

quired to reimburse the payor of the premiums, regardless of who contracts for the coverage. *See generally Alabama Farm Bureau Mutual Insur. Service v. Nixon*, 268 Ala. 271, 105 So.2d 643 (1958); *Gilles v. Sprout*, 293 Minn. 53, 196 N.W.2d 612 (1972). The trial court correctly credited the additional insurance proceeds to the Berliers.

Finally, regarding Mr. George's dispute with the trial court's findings of fact, we note that considerable conflict exists between the testimony given by Mr. George and by the Berliers concerning what was said about insurance during their contract negotiations. We will not disturb a finding of fact which is based upon substantial evidence. The trial court is entrusted with the responsibility of weighing testimony, crediting witnesses and, from that, arriving at the truth. Nothing has been presented to suggest that the trial court abused or erred in its fact-finding function.

We affirm.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.